UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

************************

FILED
2018 NOV 30 PM 12:16
DANIEL M. LAVILLE, CLERK
U.S. BANKRUPTCY COURT
WEST DIST. OF MICH.

In Re:

KEVIN MARK WIGGER

    Debtor/Plaintiff,

vs.

STATE TREASURER,

WILLIAM A. VAN ECK,

ADA YOUNG,

GEORGE WIGGER,

    Creditors/Defendants.

Case No: 17-04014

Chapter 7

Hon. Scott W. Dales

Adv. Proc. No. _____

## ADVERSARY COMPLAINT REQUESTING DISCHARGE OF ALL DEBTS AND LIENS

NOW COMES, Plaintiff, Kevin M. Wigger, in propria persona, and for his adversary complaint requesting bankruptcy relief of all debts and liens pursuant to Fed. R. Bankr. P. 7001(2)&(6), does state the following:

1. That Kevin M. Wigger #581201, was sentenced to the jurisdiction of the Michigan Department of Corrections on August 10, 2006.

2. That Plaintiff is currently incarcerated at the Central Michigan Correctional Facility. Plaintiff's earliest release date is October 30, 2021.

1

3. That on or about July 10, 2015, State Treasurer commenced an action against the Plaintiff pursuant to the State Correctional Reimbursement Act ("SCFRA"), MCL 800.401 to recover the cost incurred by the State of Michigan for the Plaintiff's cost of incarceration.

4. That Judge Hicks issued a Final Order on December 8, 2015.

5. That State Treasurer was awarded 90% of the net proceeds of the Plaintiff's IRA account held by Fifth Third Securities, Treasurer was also awarded 50% of the net proceeds of the Judgement the Plaintiff has against his son in case no: 14-49481-CZ

6. That pursuant to this courts Notification Mailing Matrix and to the best of the Plaintiff's knowledge and belief, the State Treasurer and Attorney General were properly notified of the Plaintiff's pending Bankruptcy. Creditors are notified that an automatic stay is in place and it is to the State Attorney's proof to state otherwise.

7. That to the best of the Plaintiff's knowledge, the State Attorney General has not filed any objection to the Plaintiff's Bankruptcy.

8. That the State Attorney General has not filed any liens or claims against the Plaintiff's estate.

9. That the time has passed for the State Attorney General to file any claims or liens against the Plaintiff's estate.

10. That this debt is dischargeable in Bankruptcy pursuant to 11 USCS 523(a)(7). Section 523(a) provides exception to discharge. All but three are self-effectuating: debts of a

kind listed in 523(a)(2), (4), or (6). "Self-effectuating" means the applicable creditor need not take any action before the discharge is entered. These debts are excepted from discharge simply because of the nature of the debts. Debts included in § 523(a)(7) are included in this category of automatically nondischargeable debts. <u>Dakota v. Milan (in re Milan), 2016 Bankr. Lexis 3442</u>

11. That 11 U.S.C.S § 523(a)(7) provides, in part, that a discharge under 11 U.S.C.S. § 727 does not discharge an individual debtor from any debt to the extent such debt is for:

    (1) a fine, penalty, or forfeiture;

    (2) that is payable to and for the benefit of a governmental unit, and

    (3) is not compensation for actual pecuniary loss.

12. That this debt was not part of the Plaintiff's Judgement of Sentence.

13. That this debt is not a fine or penalty as defined by 523(a)(7), MCL 800.401 is not a punishment for any crime.

14. That the SCFRA claim against the Plaintiff is strictly pecuniary loss as described in 523(a)(7), these are ordinary debts, not a punishment for the crimes commented by the Plaintiff and there is no criminal punishment for failure to pay charges assessed by MCL 800.401.

15. That all debts and liens attached to these debts should be discharged.

16. That pursuant to 11 § 522(b)(3)(c) and 522(d)(b)(2)(12) The

following property may be exempt under (b)(2) of this section: (12) Retirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code of 1986.

17. That title 11 § 522(g)(1)(A) and (B) States the following: Not withstanding sections 550 and 551 of this title, the debtor may exempt under (b) of this section, property that the trustee recovers under 510(c) (2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if...such transfer was not a voluntary transfer of such property by the debtor; and the debtor did not conceal such property.

18. That title 11 § 522(d)(11)(A) states that property may be exempt if the debtor,s right to receive, or property that is traceable to: an award under a crime victims reparation law.

19. That under title 11 § 522(f)(1)(A) not withstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is...a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); to which is for a domestic support obligation.

## UNDUE HARDSHIP

20. That Plaintiff, when released, will have only the clothes on his back. If the State gets their way, the Plaintiff will not be able to find a place to live, purchase a car, buy food or clothing or any other things needed to survive.
21. That if the State gets their way the Plaintiff will have to live in shelters or in a box under a bridge.
22. That Bankruptcy is to afford a debtor a fresh start, this will not be the case if the State gets their way. The only means of support the Plaintiff will have when he is released is his IRA and what ever monies can be collected from the Plaintiff's son.
23. That the State claims their lien should pass through Bankruptcy, this would be self defeating if it is allowed. If the personal liability is discharged, so should any liens on the same. The State should not be allowed to take the Plaintiff's money to pay a debt that has been discharged.

## WILLIAM A. VAN ECK

24. That this debt should also be discharged due to the fact George Wigger is the responsible party not the Plaintiff. This was ordered by Judge Hicks, Plaintiff request that the amount owed to Van Eck be discharged along will the Judgement lien that is currently stayed in State Court. Van Eck can seek action against George Wigger to collect these amounts.

5

25. That William A. Van Eck has not filed any claim or lien against the Plaintiff's estate and this debt is being contested in State Court.

## ADA YOUNG

26. That the judgement awarded Ada Young should be discharged, Ada Young has not filed any claim against the Plaintiff and she is going to owe the Plaintiff far more then the Plaintiff owes her. The Plaintiff was awarded all his personal property in his divorce from Ada, and to the best of the Plaintiff's knowledge, she has disposed of the Plaintiff's property without ever consulting the Plaintiff leaving the Plaintiff with nothing to rely on upon his release.

## GEORGE WIGGER

27. That George Wigger has not filed any claim or lien against the Plaintiff's estate

28. That George was unjustly awarded $15,000 of the money he embezzled from the Plaintiff, George was paid this money by his mother, Ada Young. When she filed for bankruptcy in Case No: 10-10594-jdg, she never declared any debt owing to her son George. This is because she paid George and George made untrue statements under oath that he had not been paid. If Ada Young owed George there was no reason not to declare the debt. This would amount to an unjust enrichment to George.

6

WHEREFORE, Plaintiff respectfully request this honorable court to discharge all debts listed in his bankruptcy schedules and discharge any and all liens on the same and grant any other relief this court deems just and fair.

Dated: November 26, 2018

Respectfully submitted

*[signature]*

Kevin M. Wigger #581201