UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN M. WIGGER,                                    Case No. DG 17-04014
                                                    Chapter 7
              Debtor.                               Hon. Scott W. Dales
_____/


KEVIN M. WIGGER,                                    Adversary Pro. No. 18-80149

              Plaintiff,

v.

STATE TREASURER, WILLIAM A.
VAN ECK, ADA YOUNG and GEORGE
WIGGER,

              Defendants.
_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge


This adversary proceeding arises from the incarceration of Kevin M. Wigger (the "Debtor")

and the efforts of the State Treasurer of Michigan (the "Treasurer") to recover the costs of the

Debtor's confinement under the State Correctional Facility Reimbursement Act, M.C.L. § 800.401

*et seq.* ("SCFRA").  Initially, the Treasurer filed a motion to dismiss the adversary proceeding for

failure to state a claim (ECF No. 11) asserting that the lien against the Debtor's individual

retirement account (and other assets) was statutory, as opposed to judicial, and therefore not

avoidable under 11 U.S.C. § 522(f)(1)(A) as impairing the Debtor's exemption.  The court issued

a Memorandum of Decision and Order on April 16, 2019 (ECF No. 35) finding that the Treasurer's

lien is a "judicial lien" and therefore potentially avoidable by the Debtor.  The Treasurer timely

filed a motion under Fed. R. Bankr. P. 9023 on April 29, 2019 (ECF No 38, the "Motion"). The court will resolve the Motion without putting the Debtor to the trouble of filing a response.

A party seeking reconsideration must establish a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *In re Soloman*, 436 B.R. 451, 453 (Bankr. W.D. Mich. 2010). Here, the Treasurer contends that the court committed a clear error by treating the lien on the Debtor's assets as a judicial lien, rather than a statutory lien. The Treasurer grounds the argument principally on the Michigan Supreme Court's decision in *Auditor General v. Hall*, 1 N.W.2d 517 (Mich. 1942). More specifically, the brief in support of the Motion quotes the following passage from *Hall*:

> The act at the time of defendant's conviction, however, imposed only upon his estate, if he had any at that time or acquired any during the term of his imprisonment, the obligation to pay for his keep.

*Hall*, 1 N.W.2d at 518. From earlier statements in the opinion, however, the court reads the Supreme Court's use of the phrase "[t]he act at the time of defendant's conviction" as referring to the fact that the Legislature amended the Prison Reimbursement Act (the predecessor to the SCFRA) on July 22, 1937, four months after Mr. Hall's conviction on March 23, 1937. *See Hall*, 1 N.W.2d at 517 (noting that the Prison Reimbursement Act "was on the books for almost two years prior to defendant's conviction" and that he "was given the benefit of the 1937 amendment"). In addition, the quoted passage, by employing the conjunctive adverb "however," simply clarified that the prisoner's "earnings" under the Prison Reimbursement Act, where not at issue, only his present and future "estate." The passage upon which the Treasurer so heavily relies does not say

the lien arises upon conviction, only that the original Prison Reimbursement Act applied at the time of his conviction and it did not appropriate his earnings.[1]

The Treasurer's argument, moreover, ignores the Michigan Supreme Court's observation two paragraphs later in the opinion, that "the law provides for *establishing* a lien upon his estate by an ancillary proceeding in rem." *Id.* (emphasis added).  It is through the ancillary proceeding, not through the criminal process, that the SCFRA's predecessor allowed the auditor general to "establish" or create a lien.  Indeed, the Michigan Supreme Court rejected the double jeopardy challenge in *Hall* precisely by separating the conviction (a penal remedy) from the lien (a civil remedy) and noting that the separate or ancillary civil proceeding was necessary "for establishing" the lien.[2]

The other authorities which the Treasurer cites in support of the Motion simply express the State's legislative determination that prisoners, like the Debtor, should pay the cost of their incarceration—a policy with much to recommend it.  That policy, however, must yield to the Congressional policy, reflected in 11 U.S.C. § 522(f), that a judicial lien, such as the lien the

---

[1] In any event, the passage is not essential to the court's constitutional rulings.

[2] The 1984 SCFRA substantially re-wrote the 1935 Prison Reimbursement Act, omitting any reference to the term "lien" or "conviction" from the revised version.  *Compare* Act No. 273, Pub. Acts 1935 (as amended by Act No. 272, Pub. Act. 1937) with Act No. 282, Pub. Acts 1984 (M.C.L. § 800.401 *et seq*.).  It would be unusual to construe the SCFRA as giving rise to a statutory "lien" upon "conviction" when the statute omits any reference to either word, "conviction" or "lien."  It would be equally strange to assume that the *Hall* court interpreted the Prison Reimbursement Act as creating a lien upon the entry of the criminal judgment of conviction when that former statute, like the SCFRA, used subjunctive or conditional language repeatedly suggesting that the prisoner's property *could* become liable for the reimbursement claim, depending on the outcome of the circuit court's decision in the "ancillary civil proceeding" at issue in *Hall*.  *See* Act No. 273, Pub. Acts 1935 at § 4 (auditor general's petition must give notice that the prisoner's estate "may be subjected" to the reimbursement obligation; court's order may determine that the prisoner's property "ought to be subjected to the claim of the state"; prisoner's property "shall be made liable [for the reimbursement claim] by order of the court," depending on the "opinion of the court"); § 4-a ("the circuit court may make an order making such prisoner's estate or property liable for such future care and support and that such claim shall constitute a lien upon all property, real and personal of said prisoner . . ."); § 4-b (when the circuit court's "decree or order is so recorded the same shall operate as a lien against said property . . ."). The Treasurer misreads *Hall* as ignoring these several sections conditioning the existence of the lien on the outcome of the circuit court action.  Instead, as set forth above, the reference in *Hall* to the "time of defendant's conviction" simply clarified that the original version of the Prison Reimbursement Act applied at the time of Mr. Hall's conviction in March of 1937.

Treasurer is defending, cannot impair a debtor's exemption. *See* U.S. Const., Art VI, Cl. 2 (Supremacy Clause).

Finally, the Treasurer advances a new argument regarding the supposed mootness of the Debtor's complaint, premised on the continuing nature of his reimbursement obligation and the temporal limits of a discharge under 11 U.S.C. § 727. The court may consider the argument as the adversary proceeding progresses, with the benefit of a more developed record (including the Treasurer's answer to the Debtor's complaint), but a motion for reconsideration under Rule 9023 should not be used to "raise arguments which could, and should, have been made before" the entry of the order which is the subject of the motion. *Cf. Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).

NOW, THEREFORE, IT IS HEREBY ORDERED that (1) the Motion (ECF No. 38) is DENIED; and (2) the court will conduct a pretrial conference at a time and date to be determined in accordance with the court's earlier Memorandum of Decision and Order (ECF No. 35).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Kevin M. Wigger (via first class U.S. Mail), Katherine C. Kerwin, Esq., and the United States Trustee (via first class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 30, 2019**



_____
Scott W. Dales
United States Bankruptcy Judge