UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN M. WIGGER,                                    Case No. DG 17-04014
                                                    Chapter 7
            Debtor.                                 Hon. Scott W. Dales

_____/

KEVIN M. WIGGER,                                    Adversary Pro. No. 18-80149

            Plaintiff,

v.

STATE TREASURER, WILLIAM A.
VAN ECK, ADA YOUNG and GEORGE
WIGGER,

            Defendants.

_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge


This matter comes before the court on the Adversary Complaint Requesting Discharge of

All Debts and Liens (the "Complaint," ECF No. 1) filed by plaintiff *pro se* Kevin Wigger (the

"Debtor"), and his subsequent Motion for Default Judgment (the "Motion," ECF No. 37) against

defendant William A. Van Eck.  In his Complaint, the Debtor claims, in a cursory manner, that his

debt to William A. Van Eck should be discharged because the Debtor's son, George, is the

responsible party (as the state court allegedly determined), and because Mr. Van Eck has not filed

a claim or lien in the Debtor's bankruptcy proceeding.  The Debtor also argues that because the

debt is being contested in state court, both the debt and the lien should be discharged.

The Debtor served the summons and Complaint  upon Mr. Van Eck by mail and Mr. Van Eck has not answered or otherwise appeared.  The Clerk noted his default pursuant to Fed. R. Civ. P. 55(a) on April 16, 2019 (ECF No. 34), and the Debtor now seeks judgment against this defaulting defendant.  The court will resolve the Motion on the papers submitted, without oral argument.

In his Motion, the Debtor states that Mr. Van Eck filed an attorney's lien for $6,184.58 in the state court on April 8, 2015.  After an objection filed by the Debtor, as well as other litigation, the state court judge determined to dismiss the lien but stayed the dismissal because of George Wigger's bankruptcy filing.  As a result, the lien has remained in place, according to the Debtor. In addition, the Debtor contends that because Mr. Van Eck has not responded to the last round of briefing ordered by the state court, or the Debtor's Complaint and Motion filed in this court, the attorney's charging lien, currently tied-up in state court, should be extinguished and the debt, discharged.

As the United States District Court for the Western District of Michigan observed, a plaintiff's right to a default judgment depends on more than simply a defendant's default:

> On a motion for entry of default judgment pursuant to Rule 55(b)(2), allegations of fact in the complaint are taken as true unless they are contradictory on the face of the document. *Thomson v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885).  Facts not established by the pleadings, or claims which are not well-pleaded, are not binding and cannot support a judgment. *Danning v. Lavine,* 572 F.2d 1386 (9th Cir.1978); *Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200 (5th Cir.1975). "[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10 Wright & Miller, Federal Practice and Procedure: Civil, § 2688, pp. 447–448.

*Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983); *cf. Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved.") (internal quotation marks omitted).

The court finds that the Debtor has not alleged a cause of action sufficient to support his Motion.  His allegations are conclusory, and he has attached no supporting documents to validate his legal and factual conclusions other than a confusing document entitled "Attorney's Lien."  In it, non-party Diane Rios, designated as holding a "POA" or power of attorney for Kevin Wigger, claims an attorney's charging lien on Kevin Wigger for $6,184.58, that is somehow owing to Mr. Van Eck.  The Debtor's listed address appears to be a state correctional facility, not the Debtor's private property.  In other words, according to this document, Kevin Wigger's supposed attorney in fact is claiming an attorney's charging lien on Kevin Wigger, personally, with no attendant documents or pleadings describing the property the charging lien allegedly encumbers.[1]  In the Motion, the Debtor also appears to be asking for a money judgment against Mr. Van Eck in the same amount that the Attorney's Lien document says the Debtor owes Mr. Van Eck.  These confusing allegations do not establish a right to judgment by default.  Moreover, to the extent the Debtor seeks a money judgment for a "sum certain," the applicable rule precludes relief because the Complaint seeks only declaratory, not monetary, relief: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Furthermore, as set forth in the Debtor's Motion, Mr. Van Eck has not filed a claim in the Debtor's bankruptcy case, which means there is no claim from Mr. Van Eck for the court to disallow.  If Mr. Van Eck's claims, if any, predate the Debtor's bankruptcy petition and fall outside

---

[1] Michigan recognizes an attorney's charging lien on the subject matter of litigation, typically proceeds of a judgment or settlement, but not on other types of property, and certainly not on the litigant himself. *Aetna Cas. & Sur. Co. v Starkey*, 116 Mich. App. 640, 645, 323 NW2d 325 (1982).

the exceptions set forth in § 523 (as seems likely for a claim of unpaid attorney fees in the nature of contract), the Debtor's discharge (entered on November 30, 2018) already enjoins Mr. Van Eck from seeking to collect the debt as a personal obligation of the Debtor.  And, as noted above, because the Complaint does not identify any particular property subject to the attorney's supposed lien, the court can enter no meaningful *in rem* relief (even assuming the Debtor had articulated a basis for such relief).

Because the Debtor has not filed a well-pleaded complaint against Mr. Van Eck, the court is in no position to enter a default judgment in response to the Motion.  It may be, as the Motion seems to suggest, that the state court is a better forum for pursuing relief against Mr. Van Eck under the circumstances, now that the automatic stay in George Wigger's case has terminated by operation of law upon the entry of his discharge and the final decree.  *See* Case No. 15-06752-jwb, ECF No. 51 (Text Order of Final Decree closing the case); 11 U.S.C. § 362(c)(2) (automatic stay continues until time a case is closed or entry of discharge in individual's chapter 7 case).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion for Default Judgment as to William A. Van Eck (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Kevin M. Wigger (via first class U.S. Mail), William A. Van Eck, Esq., and the United States Trustee (via first class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 2, 2019**

_____

Scott W. Dales
United States Bankruptcy Judge